UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CORY SCOTT, DONELL COLLIER and
RODNEY MORGAN, each on behalf of himself,
FLSA Collective Plaintffs and Class Action Plaintiffs,

**Docket. No.: 19-cv-3562**

**CLASS ACTION
COMPLAINT**

*Plaintiff*s,

- against -

**PLAINTIFFS HEREBY
DEMAND A JURY**

BFC PARTNERS, L.P. and
DOE CORPORATIONS 1-5,

*Defendants.*
-----------------------------------------------------------------X

Plaintiffs CORY SCOTT, DONNELL COLLIER and RODNEY MORGAN ("Plaintiffs"),
on behalf of themselves and others similarly situated, as and for their Complaint, respectfully
allege, all upon information and belief, as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29
U.S.C.§§ 201 *et seq.* ("FLSA"), that they are entitled to recover from Defendant: (1) failure to pay
minimum wages, (2) failure to pay overtime wages; (3) liquidated damages; (4) interest and (5)
attorney's fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled
to recover from Defendant: (1) failure to pay minimum wages, (2) failure to pay overtime wages,
(3) statutory penalties, (4) liquidated damages, (5) attorney's fees and costs and (6) interest accrued
on said amounts as provided by law.

3.      Plaintiffs also seek, on behalf of themselves only, an award of damages for wage theft, based on continually unlawful wages, in violation of minimum wage and overtime regulations, either since the beginning of their respective employments.

4.      This Court has original jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. §§1331, 1337 and 1343, in that certain of the Plaintiff's claims arise under the laws of the United States, namely the FLSA, and supplemental jurisdiction over the remainder of Plaintiff's claims under New York State Labor Law, §§1 *et seq.*, pursuant to 28 U.S.C. §1367.

5.      Venue is proper under 42 U.S.C §2000e-5(f)(3) and 28 U.S.C §1391(b) because some of the Plaintiffs reside in the Eastern District of New York and the Defendant does business in this District.

## IDENTITY OF THE PARTIES

6.      At all relevant times mentioned herein, Plaintiff Cory Scott ("Scott") has been employed by Defendant BFC Partners, L.P., since November 2016.

7.      At all relevant times mentioned herein, Plaintiff Donnell Collier ("Collier") has been employed by Defendant BFC Partners, L.P., since April 2018.

8.      At all relevant times mentioned herein, Plaintiff Rodney Morgan ("Morgan") has been employed by Defendant BFC Partners, L.P., since early 2016.

9.      At all relevant times mentioned herein, Defendant BFC Partners, L.P., ("BFC"), was and is a limited partnership duly organized and existing under the laws of the State of New York and does business in City and State of New York, including Richmond County, where Scott, Collier and Morgan worked.

10.     Defendants Doe Corporations 1-5 are sued herein under fictitious names for the reason that, after diligent and faithful efforts to ascertain their names and identities through review of corporate filings, their true names and identities are presently unknown to Plaintiffs except that they were connected in some manner with BFC Partners, L.P., and/or were individuals, corporations, business entities, partnerships, agents, services, representatives, co-venturers, associates, companies or other entities who engaged in the activities alleged herein and/or were in some manner responsible for the damages inflicted to Plaintiffs and/or were, in some manner, related to BFC Partners, L.P. and Plaintiffs pray for leave to insert herein their true names, identities, capacities, activities and/or responsibilities when the same are ascertained.

## BACKGROUND RELEVANT TO ALL CAUSES OF ACTION

11.     At all relevant times, the work performed by Scott, Collier, Morgan and others similarly situated was directly essential to the business operated by Defendant.

12.      Scott, Collier, Morgan and others similarly situated were hired as Security Guards to provide 24-hour, 7-day per week security during the construction of Empire Outlets, an outlet shopping mall located on Staten Island that was owned, operated, managed and/or constructed by Defendant.

13.     At all relevant times, Scott, Collier, Morgan and others similarly situated were fully qualified for their positions and fulfilled their duties in a satisfactory manner.

14.      At all relevant times, Defendant was and continues to be "engaged in commerce" within the meaning of the FLSA, as Defendant BFC Partners L.P. is a builder, developer and landlord of commercial and residential real estate in the City of New York.

15.     At all relevant times, Defendant knowingly and willfully failed to pay Scott, Collier, Morgan and others similarly situated their lawfully earned wages at or above the minimum wage in direct contravention of the FLSA and New York Labor Law.

16.     At all relevant times, Defendant knowingly and willfully failed to pay Scott, Collier, Morgan and others similarly situated their lawfully earned overtime wages for all hours worked over 40 hours in a work week in direct contravention of the FLSA and New York Labor Law.

17.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

18.     Scott, Collier, Morgan and others similarly situated have been and continue to be denied a proper and lawful minimum wage, overtime pay and have been and continue to be paid in cash without pay stubs.

19.     Scott, Collier and Morgan have asked their supervisor, Phil Harris ("Harris"), to increase their rate of pay to a lawful wage, which he has refused to implement, or even discuss.

20.     Therefore, Defendant knowingly and willfully failed to pay Scott, Collier, Morgan and others similarly situated the proper minimum wage and overtime wages for all hours worked.

21.     Additionally, Scott, Collier, Morgan and others similarly situated have not received a proper wage notice at the beginning of their employment nor annually thereafter, as required under the New York Labor Law.

22.     Defendant knowingly and willfully operated their business with a policy of not providing wage and hour notices at the beginning of employment and annually thereafter, to Scott, Collier and others similarly situated, in violation of New York Labor Law.

23.     Scott, Collier and Morgan have retained Schwartz Perry & Heller, LLP, to represent them, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## BACKGROUND RELEVANT TO SCOTT

24.     Scott commenced his employment with Defendant in or about early 2016, as a security guard at Empire Outlets on Staten Island.

5

25.     Defendant employs well more than the 11 employees required to be considered a "Large Employer" as it pertains to the lawful minimum wage rate in New York City and, as such, was required to pay all of its employees at least the local minimum wage for Large Employers in New York City.

26.     Therefore, when Scott was initially hired in or around early 2016, the lawful minimum wage rate for Large Employers in New York City like Defendants was $10.00, until December 31, 2016, when the minimum wage rate increased to $11.00, and which has since increased to $13.00 and then $15.00 on December 31, 2017 and December 31, 2018, respectively.

27.     However, Defendant has failed to increase Scott's hourly wage rate from the $10.00 per hour he began earning in early 2016 to the lawful minimum wage rate.

28.     From when Scott was initially hired until in or around June 2017, he generally worked 11 hours per day, 5 days per week for a total of 55 hours per week.

29.     Since June 2017, Scott has generally worked 8 hours per day, 7 days per week for a total of 56 hours per week.

30.     Defendant has not paid Scott the lawful overtime rate of one-and-one-half times a lawful regular rate of pay for any period of time that he worked over forty (40) hours per week.

31.     Instead, Defendant paid Scott $10.00 per hour for every hour that he worked, regardless of whether he had already worked forty (40) hours in that week.

32.     Defendant terminated Scott on June 13, 2019.

## BACKGROUND RELEVANT TO COLLIER

33.     Collier commenced his employment with Defendant in or about April 2018, as a security guard at Empire Outlets on Staten Island.

34.     When Collier was initially hired, in or around April 2018, Defendant offered and began paying him $10.00 per hour in wages, which was $3.00 below the lawful minimum wage rate for Large Employers in New York City from the date of the commencement of his employment until December 31, 2018, when the minimum wage rate increased to $15.00 per hour and as such he began receiving $5.00 less than the lawful minimum wage.

35.     However, from the beginning of his Collier's employment onwards, Defendant has continued to pay $10.00 per hour, despite the requirement to pay $13.00 per hour from the time of his hiring through December 31, 2018, and the subsequent requirement to pay $15.00 per hour from January 1, 2019 onwards.

36.     Collier generally works 8 hours per day, 5 days (Wednesday-Sunday) per week for a total of 40 hours per week. Collier worked also an 8-hour night shift on Monday and Tuesday for, roughly, the first 2 months of his employment, contributing to a total workweek of 56 hours.

37.     Defendant has not paid Collier the lawful overtime rate of one-and-one-half times a lawful regular rate of pay for any period of time that he worked over forty (40) hours per week.

38.     Instead, Defendant paid Collier $10.00 per hour for every hour that he worked, regardless of whether it constituted overtime or not.

39.     Defendant terminated Collier on June 13, 2019.

## BACKGROUND RELEVANT TO MORGAN

40.     Morgan commenced his employment with Defendant in or about early 2016, as a security guard in one of Defendant's locations on Staten Island.

41.     When Morgan was initially hired, in or around early 2016, Defendant offered and began paying him $10.00 per hour in wages, which was $1.00 above the lawful minimum wage rate for Large Employers in New York City during that time until December 31, 2016, when the aforementioned minimum wage rate increased to $11.00, which has since increased to $13.00 and then $15.00 on December 31, 2017 and December 31, 2018, respectively.

42.     Defendant did not increase Morgan's rate of pay to the lawful minimum wage after December 31, 2016, or any of the other subsequent increases.

43.     Rather, Defendant has continued to pay Morgan $10.00 per hour, despite the requirement to pay $11.00 per hour from January 1, 2017 to December 31, 2017, the requirement

to pay $13.00 per hour from January 1, 2018 to December 31, 2018 and the subsequent requirement to pay $15.00 from January 1, 2019 to the present.

44.     Morgan generally works 8 hours per day, 7 days per week for a total of 56 hours per week.

45.     Defendant has not paid Morgan a lawful overtime rate for any of the overtime hours he has worked for Defendant.

46.     Rather, Defendant paid Morgan only the $10.00 per hour for every hour that he worked, regardless of whether Morgan was working overtime hours.

47.     Defendant terminated Morgan on June 13, 2019.

## FLSA COLLECTIVE ACTION ALLEGATIONS

48.     Scott, Collier and Morgan bring this claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all security guards employed by Defendant on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

49.     At all relevant times, Scott, Collier, Morgan and the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendant's decisions, policies, plans, programs,

practices, procedures, protocols, routines and rules, all culminating in Defendant's willful failure and refusal to pay them at least the lawful minimum wage.

50.     The claims of Scott, Collier and Morgan stated herein are essentially the same as those of other FLSA Collective Plaintiffs, as specifically, Scott, Collier, Morgan and FLSA Collective Plaintiffs claim that Defendant willfully failed to pay Scott, Collier, Morgan and FLSA Collective Plaintiffs the lawful minimum wage rate for the amount for hours worked and lawful overtime wages of one and one half times a lawful regular wage rate for all overtime hours that they worked.

51.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b), as the FLSA Collective Plaintiffs are readily ascertainable and, for the purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant and notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## CLASS ACTION ALLEGATIONS - NYLL

52.     Scott, Collier and Morgan bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all security guards employed by Defendant at the construction site where Scott, Collier and Morgan worked, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

53.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

54.     All said persons, including Scott, Collier and Morgan, are referred to herein as the "Class" and all said Class members are readily ascertainable, as the number and identity of the Class members, as well as the hours assigned and worked, position held, and rate of pay for each Class member is determinable from the records of Defendant, and, for purposes of notice and other purposes related to this action, the names and addresses of the Class members are readily available from Defendants and notice can be provided by means permissible under F.R.C.P. 23.

55.     The proposed Class is at least twenty persons, such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

56.     Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant, and there is no doubt that there are at least (20) members of the Class.

57.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.      Whether Defendant violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations;

b.       Whether Defendant paid the lawful state minimum wage to Plaintiffs and the Class members for all hours worked;

c.      Whether Defendant correctly compensated Plaintiffs and the Class for hours worked in excess of 40 hours per workweek;

d.      Whether Defendant provided proper wage and hour notice, at date of hiring and annually thereafter, to all non-exempt employees per requirement of the New York Labor Law (and, if notified, whether the pay rate in the notice is lawful);

e.      Whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members, and other records required by the NYLL;

f.      Whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

g.      The nature and extend of class-wide injury and the measure of damages for those injuries.

58.     Scott, Collier and Morgan's claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would otherwise be sought by each member of the Class in separate actions, as all members of the Class were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay statutory minimum wages.

59.     Scott, Collier and Morgan are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class, in that they are represented by attorneys who are experienced in employment litigation and have previously represented plaintiffs in wage and hour cases.

60.     Class action is superior to other available methods for the fair and efficient adjudication of the controversy at issue, particularly in the context of the wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, as class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expense that numerous individual actions engender, as losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

61.     Additionally, important public interests will be served by addressing the matter as a class action, as the adjudication of individual claims would result in great expenditure of Court and public resources and would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, as individual adjudication could establish incompatible standards of conduct for Defendant and resulting in the impairment of Class members' rights and/or the disposition of their interests through actions to which they were not parties, however, treating the claims as a class action would result in significant savings of these

Court and public costs, and permit the Class members to receive a common, class-wide decision on the merits, and, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS AND ALL THOSE SIMILARLY SITUATED TO THEM AGAINST DEFENDANTS FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT- MINIMUM WAGES**
**(Brought on behalf of Plaintiffs and the FLSA Collective Plaintiffs)**

62.     Scott Collier and Morgan repeat, re-allege and incorporate in full paragraphs 1 through 59 of this Complaint as though fully set forth at length herein.

63.     At all relevant times, upon information and belief, Defendant employed Scott, Collier, Morgan and FLSA Collective Plaintiffs and Class members within the meaning of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and Scott, Collier, Morgan and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

64.     At all relevant times, Defendant had a policy of failing to pay the lawful minimum wage to Scott, Collier, Morgan and FLSA Collective Plaintiffs.

65.     Defendant knew of and/or demonstrated a willful disregard for the obligations of the FLSA, as evidenced by its failure to compensate Scott, Collier, Morgan and FLSA Collective Plaintiffs at the statutory minimum wage when Defendant knew or should have known the minimum wage rate due.

14

66.     Records, if any, concerning the number of hours worked, and compensation for same, by Scott, Collier, Morgan and FLSA Collective Plaintiffs are in the possession and custody of Defendant, and Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

67.     Defendant failed to properly disclose or apprise Scott, Collier and FLSA Collective Plaintiffs of their rights under the FLSA.

68.     Due to the intentional, willful and unlawful acts of Defendant, Scott, Collier, Morgan and FLSA Collective Plaintiffs suffered damages.

69.     As a direct and proximate result of Defendant's willful disregard of the FLSA, Scott, Collier, Morgan and FLSA Collective Plaintiffs are entitled damages an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages

70.     Scott, Collier, Morgan and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**AS FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS AND ALL THOSE SIMILARLY SITUATED TO THEM AGAINST DEFENDANTS FOR <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT – OVERTIME WAGES</u> (Brought on behalf of Plaintiffs and the FLSA Collective Plaintiffs)**

71.     Plaintiffs repeat, re-allege and incorporate in full paragraphs 1 through 70 of this Complaint as though fully set forth at length herein.

72.     At all relevant times, upon information and belief, Defendant employed Scott, Collier, Morgan and FLSA Collective Plaintiffs within the meaning of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and Scott, Collier and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §201, *et seq*

73.     At all relevant times, Defendant had a policy of failing to pay the lawful overtime wages to Scott, Collier, Morgan and FLSA Collective Plaintiffs for all of the hours they worked in excess of 40 hours in a work week.

74.     Defendant knew of and/or demonstrated a willful disregard for the obligations of the FLSA, as evidenced by its failure to compensate Scott, Collier, Morgan and FLSA Collective Plaintiffs at the statutory minimum wage when Defendant knew or should have known the minimum wage rate due.

75.     Records, if any, concerning the number of hours worked, and compensation for same, by Scott, Collier, Morgan and FLSA Collective Plaintiffs are in the possession and custody of Defendant, and Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

76.     Defendant failed to properly disclose or apprise Scott, Collier, Morgan and FLSA Collective Plaintiffs of their rights under the FLSA.

77. Defendant's unlawful conduct, as described in this Complaint, has been willful and intentional, as Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and Defendants have not made a good faith effort to comply with the FLSA with respect to compensation of Plaintiffs and the FLSA Collective Plaintiffs.

78. Due to the intentional, willful and unlawful acts of Defendant, Scott, Collier, Morgan and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

79. Scott, Collier, Morgan and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**AS FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS AND ALL THOSE SIMILARLY SITUATED TO THEM AGAINST DEFENDANT FOR VIOLATION OF THE NEW YORK LABOR LAW ARTICLE 19 – MINIMUM WAGES**
**(Brought on behalf of Plaintiffs and members of the Rule 23 Class)**

80. Plaintiffs repeat, re-allege and incorporate in full paragraphs 1 through 79 of this Complaint as though fully set forth at length herein.

81. At all relevant times, Plaintiffs and Class members were employed by Defendant within the meaning of New York Labor Law, §§650 *et seq*.

82. Defendant willfully violated the rights of Plaintiffs and Rule 23 Class members by failing to pay them wages at the lawful minimum wage.

17

83.     Defendant knowingly and willfully operated their business with a policy of not providing wage and hour notices at the beginning of employment and annually thereafter, to Plaintiffs, FLSA Collective Plaintiffs and Class members, in violation of New York Labor Law

84.     Due to Defendant's New York Labor Law violations, Scott, Collier, Morgan and Class members are entitled to recover from Defendant for their unpaid minimum wage compensation, compensation for overtime hours worked, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees and costs, disbursements of the action, pursuant to New York Labor Law §663(1).

**AS FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS AND ALL THOSE SIMILARLY SITUATED TO THEM AGAINST DEFENDANT FOR VIOLATION OF THE NEW YORK LABOR LAW ARTICLE 19 – OVERTIME WAGES**
**(Brought on behalf of Plaintiffs and members of the Rule 23 Class)**

85.     Plaintiffs repeat, re-allege and incorporate in full paragraphs 1 through 84 of this Complaint as though fully set forth at length herein.

86.     At all relevant times, Plaintiffs and Class members were employed by Defendant within the meaning of New York Labor Law Article 19, §§650 *et seq.*

87.     Defendant willfully violated the rights of Plaintiffs and Class members by failing to pay them wages at the lawful overtime wage for all hours worked over 40 hours in a work week.

88.     Defendant knowingly and willfully operated their business with a policy of not providing wage and hour notices at the beginning of employment and annually thereafter, to

Plaintiffs and Class members, in violation of New York Labor Law

89.     Due to Defendant's New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendant for their unpaid minimum wage compensation, compensation for overtime hours worked, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees and costs, disbursements of the action, pursuant to New York Labor Law §663(1).

**WHEREFORE**, Plaintiffs Cory Scott, Donnell Collier, Rodney Morgan, FLSA Collective Plaintiffs and Class members, respectfully request judgment against Defendant BFC Partners, L.P., as follows:

a.     At the earliest possible time, Plaintiffs should be allowed to give notice of this collective action, or that the Court should issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding filing of this action, up through and including the date of this Court's issuance of court-supervised notice, been employed by BFC Partners, L.P. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this action if they believe they were denied proper minimum wages and/or overtime wages;

b.     An award of unpaid minimum wages and an equal amount as liquidated damages pursuant to 29 U.S.C §§201 *et seq.* and the supporting United States Department of Labor regulations;

c.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

d.      Designation of Plaintiffs as the representatives of the Rule 23 Class, and counsel of record as Class Counsel;

e.      An award of unpaid minimum wages and overtime wages pursuant to NYLL Article 19 and an equal amount as liquidated damages or punitive damages pursuant to the NYLL, including but not limited to NYLL §663(1) for willful violations of NYLL;

f.      An award of attorney's fees and costs pursuant to FLSA 29 U.S.C. §216, and NYLL §§198 and 663(4);

g.      An aware of statutory penalties, including but not limited to those associated with Defendant's failure to provide statutory notice of wage and hours at the beginning of employment and annually thereafter;

h.      An award of pre- and post-judgment interest as provided by law,

i.      An award of the costs of this action together with reasonable attorneys' fees and expert fees;

j.      For such other and further relief as this Court deems just and proper.

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiffs*

By: _____
BRIAN HELLER
DANIEL H. KOVEL
3 Park Avenue, 27th Fl.
New York, New York 10016
(212) 889-6565