**SETTLEMENT AND RELEASE AGREEMENT**

This Settlement and Release Agreement (the "Agreement") is entered into by and among Cory Scott, Donnell Collier and Rodney Morgan (collectively, the "Plaintiffs") on the one hand, and BFC Partners, L.P. ("BFC"), on the other hand.

**WHEREAS**, Plaintiffs commenced an action in the United States District Court for the Eastern District of New York (the "Court"), bearing docket no. 19-cv-3562 (RRM)(RER) (the "Action") by filing a Class Action Complaint on June 17, 2019 (the "Complaint") against BFC and Doe Corporations 1-5 alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL");

**WHEREAS**, Plaintiffs filed an Amended Complaint on September 25, 2019 (the "Amended Complaint") against BFC, International Unified Workforce Inc., Philip Harris (collectively, the "Defendants"), and Doe Corporations 1-5 alleging violations of the FLSA and NYLL;

**WHEREAS**, BFC timely filed an Answer to the Amended Complaint on December 13, 2019, denying allegations by Plaintiffs;

**WHEREAS**, Plaintiffs filed a motion for a default judgment on May 29, 2020 against International Unified Workforce Inc. and Philip Harris;

**WHEREAS**, on August 11, 2020, Plaintiffs and BFC (collectively the "Parties") engaged in a Court-referred mediation with mediator Giulio Zanolla, Esq. at which an agreement in principle to settle the Action was reached;

**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiffs' claims and BFC's defenses and of the bona fide dispute between the Parties;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment collectively to Plaintiffs by BFC of the gross sum of Sixty Two Thousand Five Hundred Dollars and Zero Cents ($62,500.00) (the "Settlement Amount"), Cory Scott, Donnell Collier, and Rodney Morgan hereby release and forever discharge BFC Partners, L.P., BFC Partners Development LLC ("BFC Partners Development"), Empire Outlet Builders LLC ("Empire Outlet"), St. George Outlet Development LLC ("St. George"), International Unified Workforce Inc., and Philip Harris, as well as each of BFC's current and former owners, affiliates, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of BFC Partners Development's current and former owners, affiliates, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of Empire Outlet's current and former owners, affiliates, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of St. George's current and former owners, affiliates, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of International Unified Workforce Inc.'s current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of Philip Harris' heirs, executors, administrators, agents, successors, and assigns, anyone employed by Philip Harris, anyone deemed by any of the Plaintiffs to be an "employer" during their alleged employment with any of the Defendants, BFC's predecessors, successors, parent companies, holding companies, and subsidiaries, BFC Partners Development's predecessors, successors, parent companies, holding companies, and

subsidiaries, Empire Outlet's predecessors, successors, parent companies, holding companies, and subsidiaries, St. George's predecessors, successors, parent companies, holding companies, and subsidiaries, and International Unified Workforce Inc.'s predecessors, successors, parent companies, holding companies, and subsidiaries (all said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Cory Scott, Donnell Collier, Rodney Morgan, each of Cory Scott's heirs, executors, administrators, agents, successors, and assigns, each of Donnell Collier's heirs, executors, administrators, agents, successors, and assigns, and each of Rodney Morgan's heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date each Plaintiff signs this Agreement for claims arising under the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims set forth in the Complaint, all claims set forth in the Amended Complaint, and all claims of retaliation, unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages, and statutory penalties (including, but not limited to, all damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions). This Release shall include, without limitation, any and all claims alleged by any of the Plaintiffs in this Action.

2. The Parties agree to execute a "Stipulation of Dismissal with Prejudice," in the form annexed hereto as **Exhibit A,** which will be filed with the Court along with the Joint Motion for

Approval of the Settlement and Release Agreement within seven (7) days after the following conditions are met: (a) BFC's counsel receives a duly executed Agreement signed by Plaintiffs; (b) BFC's counsel receives a completed IRS Form W-9 for each of the Plaintiffs; (c) BFC's counsel receives a completed IRS Form W-9 for Plaintiffs' counsel; and (d) BFC's counsel receives a "Stipulation of Dismissal with Prejudice" signed by Plaintiffs' counsel.

3. The Parties agree that the Settlement Amount shall be paid as follows:

   (a) Within thirty (30) days after the date at which the Court So Orders a Stipulation of Dismissal with Prejudice, BFC shall pay the Settlement Amount by issuing:

   i. One (1) check payable to "Cory Scott" in the total amount of Sixteen Thousand Eight Hundred Eighty Three Dollars and Zero Cents ($16,883.00);

   ii. One (1) check payable to "Donnell Collier" in the total amount of Seven Thousand Three Hundred One Dollars and Zero Cents ($7,301.00);

   iii. One (1) check payable to "Rodney Morgan" in the total amount of Sixteen Thousand Eight Hundred Eighty Three Dollars and Zero Cents ($16,883.00); and

   iv. One (1) check payable to "Schwartz, Perry & Heller, LLP" in the total amount of Twenty One Thousand Four Hundred Thirty Three Dollars and Zero Cents ($21,433.00), representing payment of Plaintiffs' attorneys' fees and costs.

4. BFC shall issue an IRS tax Form 1099 to Plaintiffs and to Schwartz, Perry & Heller, LLP for their respective portions of the Settlement Amount. Plaintiffs agree to hold BFC harmless, and indemnify BFC from any payments BFC may be required to make to any taxing authority as a result of the payment of the Settlement Amount, with the sole exception of any employer taxes that BFC would have been required to pay if a portion of the payment of the Settlement Amount had been subject to a Form W-2.

5. Plaintiffs promise and represent that they will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, or of any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiffs' alleged employment with any of the Releasees, filed with any federal, state and local agencies/administrative body or any judicial forum against any of the Releasees. Plaintiffs further agree that they will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date each Plaintiff signs this Agreement, as they acknowledge no valid basis for filing such a claim as a result of the release contained in this Agreement. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiffs, Plaintiffs promise and represent that they will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiffs will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Nothing herein shall prevent Plaintiffs from filing a charge of discrimination with, or cooperating with an investigation by the U.S. Equal Employment Opportunity Commission.

6. Plaintiffs acknowledge that they have received sufficient consideration as set forth in this Agreement. Plaintiffs expressly acknowledge that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights,

claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

7. Plaintiffs acknowledge that aside from the payments set forth in Paragraph 3 of this Agreement, they are owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

8. The Parties agree that in an action arising from any alleged breach of the Agreement, in addition to any remedies available to the prevailing party in law or equity for a breach thereof, the prevailing party as determined by a Court of competent jurisdiction shall be entitled to receive from the breaching party reasonable attorney's fees and costs. In addition, should any of the Releasees be the prevailing party, Releasees shall be entitled to receive from the breaching Plaintiff(s) liquidated damages in an amount equal to one-half of the portion of the Settlement Amount received by the breaching Plaintiff(s).

9. The Parties to this Agreement intend to comply with the Medicare Secondary Payer Act (42 U.S.C. 1395y). Plaintiffs understand that as used herein, the term "Medicare" includes Medicare Part A (Hospital Insurance), Medicare Part B (Medical Insurance), Medicare Part C (Medicare Advantage Organizations) and Medicare Part D (Prescription Drug Insurance). Plaintiffs represent and warrant that they are not enrolled in Medicare and have not been eligible for Medicare benefits at any time since the date the Complaint was filed with the Court. Plaintiffs release and forever discharge Releasees from any and all claims or causes of action arising out of the loss of any present or future right to Medicare benefits. In the event it is determined that Medicare made conditional payments for the treatment of any injury or medical condition(s) arising out of and/or related to any allegations made by Plaintiffs in the Action, Plaintiffs waive the right to sue Releasees under Section 1395y(b)(3)(A) of the Medicare Secondary Payer Act for any failure of the Releasees

to provide for primary payment or appropriate reimbursement of any conditional payment. Plaintiffs guarantee that they will pay all valid medical and hospital bills and liens, Medicare and Medicaid liens, and all other bills or liens that in any way relate to the treatment of the injuries or medical condition(s) arising out of and/or related to any allegations made by Plaintiffs in the Action. Plaintiffs agree that they will defend, indemnify and hold Releasees harmless with respect to claims by any person or entity seeking payment or reimbursement of medical and hospital bills and liens, Medicare and Medicaid liens, and all other bills or liens that in any way relate to the treatment of any injuries or medical condition(s) arising out of and/or related to allegations made by Plaintiffs in the Action.

10. The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiffs' claims have merit.

11. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

12. Plaintiffs acknowledge that they have not divested, hypothecated, or otherwise bargained away any interest they possess in their purported claims. Plaintiffs acknowledge and represent that they know of no other person or entity that holds a remunerative interest in any plausible legal claims they could assert, and Plaintiffs acknowledge and represent that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiffs.

13. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

14. This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

15. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

16. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

17. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

18. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for BFC, Matthew Cohen, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, mcohen@kdvlaw.com; and counsel for Plaintiffs, Brian Heller, Esq., Schwartz Perry & Heller, LLP, 3 Park Avenue, 27th Floor, New York, New York 10016, (212) 889-6565, bheller@sphlegal.com.

**IN WITNESS WHEREOF,** Plaintiffs and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

Cory Scott
Date: 9/30/20

Cory Scott

Donnell Collier
Date:

Rodney Morgan
Date:

BFC Partners, L.P.
By:
Title:
Date:

**IN WITNESS WHEREOF**, Plaintiffs and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

Cory Scott
Date:

Donnell Collier
Date: 9/29/20

Rodney Morgan
Date:

BFC Partners, L.P.
By:
Title:
Date:

**IN WITNESS WHEREOF,** Plaintiffs and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

______________________________
Cory Scott
Date:

______________________________
Donnell Collier
Date:

Rodney Morgan
______________________________
Rodney Morgan
Date: 9-29-20

______________________________
BFC Partners, L.P.
By: BRANDON BARON
Title: Partner
Date:

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

CORY SCOTT, DONELL COLLIER and RODNEY MORGAN, each on behalf of himself, FLSA Collective Plaintiffs and Class Action Plaintiffs,

Plaintiffs,

-against-

BFC PARTNERS, L.P., INTERNATIONAL UNIFIED WORKFORCE INC., PHILIP HARRIS, and DOE CORPORATIONS 1-5,

Defendants.

---------------------------------------------------------X

Case No.: 19-cv-03562 (RRM)(RER)

**STIPULATION OF DISMISSAL**

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Amended Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: September 30, 2020

SCHWARTZ, PERRY & HELLER, LLP
*Attorneys for Plaintiffs*

By: ______________________
Brian Heller, Esq.
3 Park Avenue, 27th Floor
New York, New York 10016
(212) 889-6565
bheller@sphlegal.com

Dated: October 8, 2020

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for BFC Partners, L.P.*

By: ______________________
Keith Gutstein, Esq.
Matthew Cohen, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
kgutstein@kdvlaw.com
mcohen@kdvlaw.com

**SO ORDERED:**

______________________
Hon. Roslynn R. Mauskopf, U.S.D.J.
4843-5938-0684, v. 1